### FITTS v. DAVIS.

(Court of Appeals of District of Columbia. Submitted October 7, 1920. Decided January 3, 1921.)

No. 3347.

Libel and slander ⬤⟹19—Statement plaintiff cast "aspersions" on another held not actionable; "reflecting."

In the minutes of a parish meeting, a statement that another spoke in defense of a former pastor as related to certain aspersions cast upon him by plaintiff, who immediately disclaimed any intention of reflecting upon the pastor, the word "aspersions," which may mean the making of calumnious report or may mean nothing more than criticism or censure, in view of its use in the same sentence with the word "reflecting," which connotes censure only, must be given its latter meaning; so that a declaration for libel, charging that the writer of the minutes thereby accused plaintiff of circulating slanderous reports against the pastor, stated no cause of action.

[Ed. Note.—For other definitions, see Words and Phrases, Reflect.]

Appeal from the Supreme Court of the District of. Columbia.

Action for libel by Charles W. Fitts against Charles P. Davis. From a judgment sustaining a demurrer to the declaration, plaintiff appeals. Affirmed.

H. S. Barger, of Washington, D. C., for appellant.
J. H. Ralston, of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District in a libel suit, sustaining a demurrer to the declaration.

The declaration, after setting forth that plaintiff, appellant here, is a member of the bar of the District and a member in good standing of the parish of the Murray Universalist Society of this city, avers that the defendant, appellee here, composed and published a libel in the following words:

"Rising to a question of personal privilege, Mrs. L. G. Powers spoke in defense of Dr. Van Schaick as related to certain aspersions cast upon him by Mr. Fitts, who in reply disclaimed any intention of reflecting upon Dr. Van. Schaick."

It then is averred that these words were—

"a part of the certain minutes by him [defendant] made and prepared of a certain meeting of the members of said parish held on, to wit, the 30th day of April, A. D. 1919, and reported and caused the same to be spread upon, and made a part of, the pursuant minutes of the said meeting of said parish. * * *"

It is further averred that defendant intended, by the words quoted, to charge plaintiff at this parish meeting with having publicly cast unlawful and slanderous aspersions upon Dr. Van Schaick, a former pastor of the parish, and that the result was to "create the impression in the minds of great numbers of persons, who have read and heard the same read from the said minutes of said parish, that the plaintiff

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

is guilty of having cast improper, unlawful, and slanderous aspersions upon the said John Van Schaick"; that defendant knew these words to be untrue, and that the plaintiff was injured thereby.

It is apparent from the averments of the declaration that at a meeting of this parish society plaintiff indulged in remarks concerning a former pastor of the parish, and that Mrs. Powers, presumably a member of the society, construing these remarks as a criticism of the former pastor, "spoke in defense of" him. Whereupon plaintiff "in reply disclaimed any intention of reflecting upon Dr. Van Schaick." While there is no direct averment that defendant was the secretary of the society, it is clear from the declaration that he must have been acting in that capacity, for no mere interloper would have had authority to keep the "minutes" of the meeting. That the words quoted formed a part of the official minutes of the society appears from subsequent averments of the declaration, wherein is stated the effect upon persons "who have read and heard the same read from the said minutes of said parish."

It now is insisted that, because of the use of the word "aspersions," in making up the minutes of the meeting, defendant intended to charge plaintiff with having slandered the former pastor. We think this a tempest in a teapot. The former pastor is not complaining, and the minutes themselves credit the plaintiff with an immediate disclaimer of any intention of reflecting upon him. While "aspersions" may mean the making of a calumnious report, the word may imply nothing more than criticism or censure. In view of the context, it is apparent to us that the word was here used in the latter sense. That defendant used the word in the sense of mere criticism is apparent from his subsequent use of the word "reflecting" in the same sentence. "Reflecting." as so used, connotes "censure," and, as the word was used synonymously with "aspersions," no greater scope should be given to the former expression in the minutes than to the one used later. Any possible doubt, therefore, as to the meaning the defendant intended to convey by the use of the word "aspersions," was immediately removed by his characterization of the same language as "reflecting." The demurrer, then, admits nothing more than that defendant, while acting secretary of the society, reported in his minutes that, after plaintiff had made certain criticisms of the former pastor, another member spoke in defense of the latter, and that plaintiff then stated that no reflection had been intended. The averments of the declaration present no cause of action, and the judgment must be affirmed. Caldwell v. Hayden. 42 App. D. C. 166.

Affirmed, with costs.